EAST BATON ROUGE PARISH C-736824
Filed Aug 28, 2023 10:52 AM    25
Deputy Clerk of Court

19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

CASE NO.:                                                                                               DIVISION: "      "

URSULINE PROVINCIALATE, CENTRAL PROVINCE OF THE UNITED STATES

v.

CERTAIN UNDERWRITERS AT LLOYDS, LONDON SEVERALLY SUBSCRIBING TO CERTIFICATE NO. AMR-66180-02, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, OLD REPUBLIC UNION INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY, AND TRANSVERSE SPECIALTY INSURANCE COMPANY

FILED:_____                                        _____
                                                                                                            DEPUTY CLERK

**PETITION FOR DAMAGES, PENALTIES,
ATTORNEYS' FEES, COSTS, AND INTEREST**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Ursuline Provincialate, Central Province of the United States ("Plaintiff"), which respectfully represents as follows:

**I. PARTIES**

1.      Plaintiff is a Missouri non-profit corporation consisting of Catholic Sisters. In connection with their ministry, the Sisters are the sponsor of Ursuline Academy of New Orleans, which is a private, Catholic, all-girls high school and elementary school in New Orleans, Louisiana, located within the Archdiocese of New Orleans. The property upon which Ursuline Academy rests is owned by the Ursuline Sisters of New Orleans (collectively "Ursuline"). On information and belief, both the Ursuline Academy of New Orleans and the Ursuline Sisters of New Orleans are additional insured under the insurance policies referred to herein.

2.      Made Defendants herein are all of the underwriters and insurers of all insurance policies and certificates issued in connection with Account No. 825924, including Certificate/Policy Nos. AMR-66180-02, AMP7536149-02, MSP-27747-02, CPP1186622-01, 10T029659-11465-21-02, USI-24656-02, LEX-014714066-02, HAN-22042-02, ORAMPR006967-02, GVS-11536-00, TSAMPR0001007-00 (collectively, the "Policies"). On information and belief, such underwriters and insurers include the following, all of which are

foreign insurers authorized to do and doing business in the State of Louisiana and East Baton Rouge Parish:

    i.    Certain Underwriters at Lloyds, London Severally Subscribing to Certificate No. AMR-66180-02;

    ii.    Indian Harbor Insurance Company;

    iii.    QBE Specialty Insurance Company;

    iv.    Steadfast Insurance Company;

    v.    General Security Indemnity Company of Arizona;

    vi.    United Specialty Insurance Company;

    vii.    Lexington Insurance Company;

    viii.    HDI Global Specialty SE;

    ix.    Old Republic Union Insurance Company;

    x.    GeoVera Specialty Insurance Company; and

    xi.    Transverse Specialty Insurance Company

(all are collectively referred to herein as the "Insurers" or "Defendants").

## II. JURISDICTION & VENUE

3. This Court has personal jurisdiction in this matter because the Insurers transact business in the State of Louisiana and the insurance Policies at issue in this case were delivered in Louisiana and cover property located in Louisiana.

4. The Court has subject matter jurisdiction in this matter because the Plaintiff seeks damages, penalties, attorneys' fees, costs, and interest arising from the Insurers' breach of contract and statutory violations regarding insurance Policies delivered in Louisiana which cover property located in Louisiana.

5. Venue is proper in this Court pursuant to La. C.C.P. Art. 42(7), because all of the Insurers are foreign insurers subject to suit in this parish.

## III. THE INSURANCE POLICIES, HURRICANE IDA, & URSULINE'S CLAIMS

6. The Policies underwritten or subscribed to by the Insurers each have a policy period of April 1, 2021 to April 1, 2022, and insure Plaintiff for certain loss, damage, expense, and costs, including but not limited to damage to Real Property and Personal Property located at

2635 State Street, New Orleans, Louisiana 70118 ("Covered Location") and Time Element loss arising out of a Named Storm / Hurricane.

7. On or about August 29, 2021, Hurricane Ida, a Named Storm / Hurricane:

   a. Caused significant damage to Real Property and Business Personal Property at the Covered Location;

   b. Caused significant Time Element loss (including Business Income loss and Extra Expense loss) as a result of physical damage to the Real Property and Business Personal Property at the Covered Location; and

   c. Caused significant expense to be reasonably and necessarily incurred by Ursuline to mitigate and/or reduce the damage and loss.

8. Such total damages, loss, cost, and expense payable under the Policies are currently estimated to be at least $1,450,000.

9. Ursuline promptly notified the Insurers of the damage caused by the Hurricane.

10. Upon information and belief, the deductible under the aforementioned policy of insurance is $439,122.28.

11. To date, the Insurers have paid $76,476.55 under the Policies, leaving a total amount due under the Policies of at least $1 million.

12. For many months now, the Insurers have been aware of the damages and losses owed as a result of Hurricane Ida and have stalled, delayed, and refused to communicate with Plaintiff about the claim and have stalled, delayed, and refused to pay the Plaintiff all sums owed under the Policies.

13. Plaintiff is an Insured under the Policies and has rights to receive the insurance proceeds from the Insurers.

14. Plaintiff is also entitled to damages, penalties, attorneys' fees, and costs from the Insurers pursuant to La. R.S. §§ 22:1892 and 22:1973 based on the following:

   a. The Insurers received "satisfactory proof of loss" long ago (in the form of estimates and communications from contractors showing the amount to repair the school would be far in excess of the sums paid under the Policies);

3

    b. The Insurers failed to timely tender all undisputed and reasonable amounts due on Plaintiff's claim within thirty and sixty days after the Insurers' receipt of satisfactory proof of loss.

    c. The Insurers failed to make <u>any</u> written offers to settle the property damage portion of Plaintiff's insurance claim within thirty days of the receipt of satisfactory proof of loss of that claim. In fact, although the Insurers received "satisfactory proof of loss" long ago, they have not made a <u>single</u> written or oral offer to settle the property damage portion of claim to the present date.

    d. As described above, and pursuant to applicable law, the Insurers' failures were knowingly committed and were arbitrary, capricious, and without probable cause.

15. As a direct and proximate result of the Insurers' conduct as described herein, Plaintiff has and will continue to incur substantial loss and damage, as well as attorneys' fees and costs, experts' fees and costs, mitigation, investigation and other costs and expenses, according to proof.

16. In addition to the unpaid sums that the Insurers owe, Plaintiff also seeks damages, penalties, reasonable attorney fees, and costs from the Insurers under La. R.S. §§ 22:1892(B) and/or 22:1973(C) as a result of Insurers' acts, errors, and omissions as set forth herein.

### IV. DEMAND FOR JURY TRIAL

17. Plaintiff demands a trial by jury on all issues triable to a jury.

### V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Ursuline Provincialate, Central Province of the United States, prays for judgment against Defendants, as follows:

    a.    For all compensatory, general, and consequential damages, according to proof;

    b.    For all benefits owed under all policies described herein;

    c.    For all damages sustained and statutory penalties pursuant to La. R.S. §§ 22:1973 and 22:1892 as a result of Defendants' acts, errors, and omissions as set forth herein;

    d.    For all of Plaintiff's attorneys' fees;

4866-4812-1979 v1

  e.  For all costs of these proceedings;

  f.  For all of Plaintiff's mitigation, investigation, and other costs and expenses;

  g.  For all legal interest allowable by law; and

  h.  For all such other and further relief as this Court may deem just and proper.

Dated: August 28, 2023

Respectfully submitted:

_____
Michael deBarros (#32422) [Lead Attorney]
Michael.debarros@keanmiller.com
**KEAN MILLER LLP**
400 Convention Street, Suite 700
P.O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Telephone: (225) 387-0999
Facsimile: (225)388-9133

- AND -

Kathryn Jakuback Burke (#37617)
kathryn@ljlaw.org
**LONGMAN JAKUBACK**
The Saltz Building
830 Main Street, Floor 2
Baton Rouge, LA 70802
Telephone: (225) 217-0480
Facsimile: (225) 336-4667

*Attorneys for Ursuline Provincialate, Central Province of the United States*

**PLEASE WITHHOLD SERVICE AT THIS TIME**